FILED

**NOT FOR PUBLICATION**

JAN 24 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDDIE D. KNIGHT,

                Plaintiff - Appellant,

  v.

LEA, Captain; et al.,

                Defendants - Appellees.

No. 09-16909

D.C. No. 2:07-cv-00751-FCD-CMK

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

    Eddie D. Knight, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his safety. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly granted summary judgment to defendants Lea, Oftiedahl, Gower, and Hale, because Knight failed to raise a genuine issue of material fact as to whether these defendants disregarded an excessive risk to his safety or responded unreasonably to such risk. *See Farmer v. Brennan*, 511 U.S. 825, 837, 844-45 (1994) (a prison official is not liable for deliberate indifference unless he knew of and disregarded an excessive risk to the inmate's safety; and, even if the official knew of such risk, he is not liable if he "responded reasonably to the risk, even if the harm ultimately was not averted").

We do not address Knight's claims against defendants Wong, Lyons, and Simmerson, because Knight did not specifically and distinctly argue these claims on appeal. *See Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997) ("We review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . ." (citation omitted)).

The district court did not abuse its discretion by denying Knight's motions to extend the discovery deadline and for a continuance under Federal Rule of Civil Procedure 56(f). *See Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100

(9th Cir. 2006) (standard of review and Rule 56(f) requirements); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (the district court did not abuse its discretion by denying a request to extend the discovery deadline because the moving party failed to show "good cause" to modify the pretrial scheduling order).

We are unpersuaded by Knight's remaining contentions, including those concerning amendment of the complaint.

**AFFIRMED.**